Curia per
Colcock, J.
The defendant’s argument is founded on the use of the word “ notice” in the act, which it is said in its usual application has relation to the notice *58 given to the endorser, and cannot be intended to embrace the demand on the drawer; but when we advert to the object of the Legislature, to the usual mode of protest by Notary Publics, and the wording of the whole clause, I think there can be no doubt that it was intended to make the protest evidence of what is stated therein. It is well known that great inconvenience results from the strict rules of the common law on the subject of demand as well as of notice, and particularly to Banks,' where a great many notes being discounted, it would require that there should be several witnesses, or in many cases losses might be sustained by death. Now it is clear that the evil would have been only partially remedied had the act applied only to 'notice to the endorse!’. Again, the usual form of protest by a notary public is, to state that the original has been exhibited to the drawer, (or, if he be not at home to state that a written demand of payment was left at his residence,) and thatnotice of nonpayment was given to the endorser. Indeed a Notary cannot protest unless the demand on the drawer has been made by some one. When the legislature said that the protest should be evidence of notice, and that it should be so regarded against any of the parties, it must have meant that it should be evidence against any against whom it might operate. It is clear it did not intend to dispense with the necessity of a demand on the drawer, and if the protest did not state that such demand had been made, of course it could not be evidence of that fact. In this case, the protest is evidence of the demand on the drawer and notice to the endorser.
In the case of Nichols vs. Webb, 8 Wheaton, p. 326, it was decided that such evidence is admissible on common law principles, and I think very properly.

Motion refused.